## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 18 | **DATE** | 1/10/2008 |
| **CASE TITLE** | Toman vs. Adler, et al | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Minute Order, the Court dismisses the Complaint *sua sponte* without prejudice for failure to allege diversity jurisdiction. Plaintiff has until February 11, 2008 to file an amended complaint sufficiently alleging diversity jurisdiction or some other basis for federal jurisdiction. Civil case terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

      On January 2, 2008, Plaintiff Becky L. Toman, the personal representative of the Estate of Rajkumar A. Thadani, filed suit against Defendants Shane Adler and AAA Insurance Company alleging wrongful death and other state law causes of action. Plaintiff contends that the Court has "[subject matter] jurisdiction over this case pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the Plaintiff and the Defendants . . ." (*Id.* at ¶7.) In support of this contention, Plaintiff alleges (1) that she is a "resident[] of the State of Illinois," currently residing in Palatine, Illinois (R. 1-1, Pl.'s Compl. at ¶3), (2) that Defendant Adler "currently resides" in New Lisbon, Wisconsin (*id.* at ¶5), and (3) that Defendant AAA insurance "has its principal place of business" in Madison, Wisconsin (*id.* at ¶6).

      After examining the Complaint at the outset as it must, *see Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), the Court finds that the jurisdictional allegations are deficient for several reasons. *See also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("enjoin[ing] upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts"). First, the Complaint makes no allegation whatever regarding the decedent's citizenship, which is the critical inquiry if Plaintiff is pursuing a cause of action on behalf of the estate. *See* 28 U.S.C. §1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Second, the Complaint alleges only *the residency* of the parties, but not their *citizenship* – the two terms are not synonymous, and it is citizenship that matters under 28 U.S.C. §1332. *See Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."). Plaintiff's blanket assertion that "there is diversity of citizenship between Plaintiff and the Defendants" does not cure this deficiency. *See, e.g., Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case, . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege

**STATEMENT**

the citizenship of the parties . . ."). Third, the Complaint does not indicate Defendant AAA Insurance's legal structure, which, in turn, raises several issues. The diversity statute states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. §1332(c)(1), but here, assuming that Defendant AAA Insurance is a corporation, the Complaint fails to identify the state of incorporation. *See Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985) ("For purposes of the federal diversity jurisdiction, a corporation is (with an immaterial exception) a citizen both of the state (or states) in which it is incorporated and the state in which it has its principal place of business. Hence . . . the plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation." (internal citation omitted; parentheses original)); *see also Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 677 (7th Cir. 2006) ("[R]eference to 'domicile' and 'principal place of business' naturally raises the question, unaddressed in the [jurisdictional] statement, whether this [party] *might be a corporation* having its principal place of business in New York but incorporated elsewhere, such as Wisconsin. . . ." (emphasis added)). Alternatively, if Defendant AAA Insurance "is not a corporation, its citizenship is determined by the citizenship of its proprietor, partners, members, or other principals," *Wild v. Subscription Plus, Inc*., 292 F.3d 526, 528 (7th Cir. 2002), and there are no allegations in this regard. *See also Meyerson*, 299 F.3d at 617 ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be"); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members"); *Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (applying the same rule to partnerships).

     For these reasons, the Court dismisses the Complaint *sua sponte* without prejudice. *See, e.g., Held*, 137 F.3d at 1000 ("It is well settled that [w]hen the parties allege residence but not citizenship, the court must dismiss the suit." (internal citation and quotation omitted)). Plaintiff has until February 11, 2008 to file an amended complaint sufficiently alleging diversity jurisdiction or some other basis for federal jurisdiction.